UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                            DECISION AND ORDER

                            21-CR-6155L

              v.

CHARLES D. HOLLEY,

                               Defendant.
_____

Defendant Charles D. Holley has been charged in an indictment with possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 636(b)(1)(A) and (B). This Court referred all pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

Holley filed motions to suppress physical evidence and statements that he made at his arrest. Magistrate Judge Payson held a suppression hearing (Dkt. #36), after which she entered a detailed Report and Recommendation ("R & R") (Dkt. #43). The recommendation was that this Court should deny the motions to suppress.

Defendant has filed objections to the R & R (Dkt. #44). The Government has filed a response to the defendant's objections (Dkt. #46).

After reviewing the Magistrate Judge's R & R, the transcript of the suppression hearing (Dkt. #38), defendant's objection to the R & R, and the Government's response, I accept the

Magistrate Judge's conclusions and recommendation that defendant's motions to suppress be denied, for substantially the reasons stated by Magistrate Judge Payson in the R & R.

Holley was arrested on July 2, 2021, following a high-speed chase of a vehicle that he was driving through city streets in Rochester, New York. As to the lawfulness of the traffic stop that led to defendant's arrest, Holley's "seizure," for Fourth Amendment purposes, did not occur until he was apprehended and physically restrained by police officers. The evidence presented at the suppression hearing showed that by the time that occurred, Holley had committed numerous traffic infractions, including speeding, going through stop signs, and the reckless driving that caused him to crash his vehicle. There was thus ample justification for his seizure.

In addition, as Magistrate Judge Payson pointed out (R & R at 18 n.7), even if one were to judge the reasonableness of the officers' initial attempt to pull over Holley's vehicle, their actions were justified, based on Holley's speeding and the excessive tint on his car's side windows, in violation of N.Y. Vehicle and Traffic Law § 375(12-a)(b)(2).

I also agree with the Magistrate Judge's finding that there is no basis to suppress Holley's statements made while he was in custody. Simply put, those statements were not made in response to any interrogation. Holley's statements were made spontaneously and voluntarily, not in response to any questions or prompting by the officers. Whether Holley had been advised of his *Miranda* rights is therefore irrelevant to their admissibility. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (requiring suppression of statements made during custodial *interrogation* unless defendant has been advised of, and voluntarily waived, his right against self-incrimination).

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #43) of United States Magistrate Judge Marian W. Payson. Defendant's motion to suppress statements and tangible evidence (Dkt. #28) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 9, 2022.